UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20543-WILLIAMS/GOODMAN

JUAN MENDEZ,

      Plaintiff,

vs.

ALPHA & OMEGA CALBIRATION
SERVICES LLC and
LIZ Y. LAGO,

      Defendants.

_____/

### PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff, Juan Mendez, through his undersigned counsel and pursuant to Rules 8(a) and 12(f) of the Federal Rules of Civil Procedure, Local Rule 7.1, and other applicable Rules and laws, requests the Court to enter an Order Striking the Second, Third, and Fifth Affirmative Defenses asserted by Defendants, Alpha & Omega Calibration Services LLC and Liz Y. Lago, based upon the following good cause:

### MOTION

1.     Mr. Mendez sued Defendants for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, by not paying him the overtime wages he earned. [ECF No. 1.]

2.     Defendants responded to the Amended Complaint with their Answer in which they, as pertinent herein, asserted seven (13) "Defenses and Affirmative Defenses".[1] [ECF No. 11.]

---

[1]     Defendants agreed to remove the portion of their Answer to ¶19 about why they claim Mr. Mendez ceased working for them as immaterial.

1

3.    The Second, Third, and Fifth Affirmatives Defenses asserted by Defendants are properly stricken under Fed. R. Civ. P. 12(f) which permits the Court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

4.    Consequently, Mr. Mendez requests the Court to strike the Second, Third, Fourth, Fifth, Sixth, and Thirteenth Affirmative Defenses.

WHEREFORE Plaintiff, Juan Mendez, requests the Court to enter an Order striking the Second, Third, and Fifth Affirmative Defenses pled by Defendants, Alpha & Omega Calibration Services LLC and Liz Y. Lago, based on the foregoing Motion and the following Memorandum of Law and to award such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

Mr. Mendez sued his former employers for not paying him overtime wages for his overtime hours. Defendants responded to the Complaint by admitting that the corporate Defendant is a Florida corporation, subject to FLSA enterprise coverage, that Ms. Lago is listed as the Managing Member of it, and the venue for this dispute, denying the remainder of the 30 paragraphs in the Complaint. [ECF Nos. 1, 11.] Defendants then asserted 13 "Defenses and Affirmative Defenses," which are the subject of this Motion to Strike. To streamline these proceedings, avoid subsequent dispositive motions over the viability of their defenses, and avoid much of the back-and-forth that occurs at the pretrial conference arguing over whether defenses are viable or not, Mr. Mendez requests the Court to strike the Second, and Fifth Affirmative Defenses as insufficient defenses or as redundant, immaterial, and/or impertinent.

### II.  THE LAW

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Rule 12(f) of the Federal Rules of Civil Procedure expressly states, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999).

"A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976).)

As summarized by the Court in *S.D. v. St. Johns County Sch. Dist.*, 2009 WL 1941482, at *1 (M.D. Fla. July 7, 2009), "An 'immaterial matter' is one that has no important relationship to the claim or defense and an 'impertinent' matter is one that does not pertain to the issue(s) in question." *Citing 126th Avenue Landfill, Inc. v. Pinellas County*, 2009 WL 1544030, at *2–3 (M.D. Fla. June 3, 2009); *also citing* Wright & Miller Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 458–63 (3d ed. 2004). In responding to a pleading, a party must admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b)(1)(B).

Although a defendant is not obligated to set forth detailed and particular facts, Rule 8(a) of the Federal Rules of Civil Procedure requires a Defendant to nonetheless give "fair notice" of the defense and "the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957). This means that a defendant's affirmative defense "must do more than make conclusory allegations." An affirmative defense must be stricken when

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

it is "insufficient as a matter of law". *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at

*2 (S.D. Fla. Aug. 21, 2007). "A defense is insufficient as a matter of law only if: (1) on the face of

the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v.*

*Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

## III. ARGUMENT

### Second Affirmative Defense

**Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.**

Generally, the defense of unclean hands is "not permitted under FLSA". *Moore v. Live Cheap,*

*LLC*, 2015 WL 12805689, at *2 (S.D. Fla. Aug. 26, 2015). The reason is because unclean hands is

an equitable defense that is not available to defeat a statutory claim. *Bailey v. TitleMax of Georgia,*

*Inc.*, 776 F.3d 797, 804 (11th Cir. 2015). The FLSA only affords legal and not equitable relief.

*Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1335 (11th Cir. 2002). Therefore, unclean hands is

not an available defense to Mr. Mendez's FLSA overtime claim.

Defendants are not entitled to rely on the defense of unclean hands from a factual

standpoint because they allege no facts in it. *See Dionisio v. Ultimate Images & Designs, Inc.*, 391 F.

Supp. 3d 1187, 1191 (S.D. Fla. 2019). The second affirmative defense fails because it does not

satisfy either of the necessary requirements to state a claim for unclean hands:

> For a defendant to successfully avail itself of the doctrine of unclean hands, it must satisfy
> two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing is
> directly related to the claim against which it is asserted. *Keystone Driller Co. v. General Excavator*
> *Co.*, 290 U.S. 240, 245, 54 S.Ct. 146, 147-48, 78 L.Ed. 293 (1933). Second, even if directly
> related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it
> was personally injured by her conduct. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604
> F.2d 852, 863 (5th Cir.1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601
> (1980).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

*Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993). Defendants can only avail themselves of the defense of unclean hands if they can show that Mr. Mendez did (or did not do) something that caused them not to pay him the overtime he earned. As this Court previously recognized:

> A recent decision from the Southern District of Florida analyzes what "directly related" means: it is not just the same kind of conduct, but that the "connection between the unclean-hands conduct and the matter in litigation is to be very close." *Gastaldi v. Sunvest Resort Communities, LC*, 2010 WL 457243, \*9 (S.D. Fla. Feb.3, 2010). The "matter in litigation" to must be the actual basis of the plaintiff's claiMr. *Id.*

*Royal Palm Properties, LLC v. Premier Estate Properties, Inc.*, 2010 WL 3941745, at \*2 (S.D. Fla. Oct. 6, 2010). The Second Affirmative Defense is properly stricken as factually and legally insufficient.

### Third Affirmative Defense

**Plaintiff was not engaged in interstate commerce or in the production of goods for interstate commerce.**

Defendants admitted that Mr. Mendez was a non-exempt employee of Alpha & Omega Calibration Services LLC and that it was an enterprise engaged in commerce from 2021 to 2024, thereby admitting it was required to comply with the FLSA's requirements. [ECF Nos. 1 and 11 at ¶¶3, 17 and 22.] Admitting that Mr. Mendez was a non-exempt employee of a business subject to the FLSA makes the issue of individual coverage irrelevant. Consequently, Defendants' Third Affirmative Defense – even if a denial – is immaterial and irrelevant and properly stricken.

### Fifth Affirmative Defense

**To the extent that Plaintiff may have worked with or without the actual or constructive knowledge of Defendants, Plaintiff is not entitled to any compensation for any such hours worked.**

The law does not permit employers to avoid paying their employees overtime wages simply because they lack actual or constructive knowledge. The Eleventh Circuit Court of Appeals permits

5

an employer to avoid paying overtime when it lacked "the opportunity through reasonable diligence to acquire knowledge" of the overtime hours worked. *Reich v. Dep't of Conservation & Nat. Res., State of Ala.*, 28 F.3d 1076, 1082 (11th Cir. 1994). Thus, the issue is not simply whether Mr. Mendez worked without Defendants' "actual or constructive knowledge" but also that Defendants should or could not have known that he was working overtime through the exercise of reasonable diligence. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007); and *Reich*, 28 F.3d 1082. The Court properly strikes Defendants' Fifth Affirmative Defenses as insufficient as a matter of law because it reflects an incomplete statement of what Defendants must prove to avoid liability for overtime under the FLSA.

## IV. CONCLUSION

For the reasons set forth above, Mr. Mendez requests that the Court enter an Order striking the Defendants' Second, Third, and Fifth Affirmative Defenses.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **RULE 7.1 CERTIFICATION**

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, but Defendants would not agree to the relief requested herein (other than to agree to strike that portion of ¶19 of their Answer about why they claim Mr. Mendez ceased working for them.

Dated this 24th day of April 2024.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

7