UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-cv-20543-KMW

JUAN MENDEZ,

    Plaintiff,

v.

ALPHA & OMEGA CALIBRATION
SERVICES LLC and LIZ Y. LAGO,

    Defendants.
_____/

## DEFENDANTS' RESPONSE
## TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, ALPHA & OMEGA CALIBRATION SERVICES LLC ("Alpha & Omega") and LIZ Y. LAGO, (collectively "Defendants") by and through their undersigned counsel and pursuant to the Court's Order of Referral and Notice of Court Practice in FLSA Cases [ECF 4] hereby serve and file their Response to Plaintiff's Statement of Claim [ECF 7] and respectfully state as follows:

1. Plaintiff was employed at Alpha & Omega from on or about June 2019 to February 1, 2024. He worked Monday through Friday. Plaintiff often took meal breaks longer than half an hour; however, his employer only designated half an hour as non-compensable time.

2. From February 2021 to August 15, 2021, Plaintiff was compensated at an hourly rate of $13.00. From August 16, 2021, through February 1, 2024, Plaintiff was compensated at an hourly rate of $14.00.

3. Alpha & Omega required Plaintiff to clock-in and clock-out using OnTheClock, a third-party electronic time-keeping system. (www.ontheclock.com). Plaintiff clocked in and out using

an App on his cell phone. When OnTheClock created Alpha & Omega's account in 2019, OnTheClock had the audit trail feature disabled by default on accounts.

4. OnTheClock tracks the IP address from which Plaintiff clocked in and clocked out. Plaintiff's time records show that there are many instances in which Plaintiff did not clock in while at Alpha & Omega's premises and was not performing any work for Alpha & Omega.

5. Plaintiff's time records also show that he was compensated by Alpha & Omega for holidays, vacation, and sick time at his regular rate of pay.

6. Alpha & Omega maintains a copy of Plaintiff's timecards for the period of recovery alleged in his Statement of Claim.

7. During his employment at Alpha & Omega, Plaintiff received an email containing a copy of his timecards before payday. Plaintiff did not raise any complaints or point out any errors in the timecards.

8. A chart consisting of the payroll period, hours worked, vacation/sick time and wages paid is attached as Exhibit A.

9. Defendants at all relevant times acted in good faith and with reasonable grounds to believe that they were not in violation of the Fair Labor Standards Act.

10. Undersigned counsel certifies that a copy of Defendants' supportive documents will be served via e-mail today to counsel for Plaintiff in compliance with the Court's Order [ECF 4].

DATE: April 30, 2024

                Respectfully submitted,

**FORDHARRISON LLP**

*/s/ Ena T. Diaz*
Ena T. Diaz
Florida Bar No.: 0090999
ediaz@fordharrison.com
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2113
Facsimile: (305) 808-2101
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to:

Brian H. Pollock, Esq.
Patrick Brooks LaRou, Esq.
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: 305-230-4884
Facsimile: 305-230-4844
brian@fairlawattorney.com
brooks@fairlawattorney.com
Attorneys for Plaintiff