UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-cv-20543-KMW

JUAN MENDEZ,

    Plaintiff,

v.

ALPHA & OMEGA CALIBRATION
SERVICES LLC and LIZ Y. LAGO,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES [ECF 14]
AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, ALPHA & OMEGA CALIBRATION SERVICES LLC ("Alpha & Omega") and LIZ Y. LAGO, (collectively "Defendants") by and through their undersigned counsel and pursuant to S.D. Fla. Local Rule 7.1 hereby file Defendants' Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses. In support of their Response, Defendants respectfully state as follows:

Defendants have placed Plaintiff on fair notice of the nature of the defenses and/or affirmative defenses raised in their Answer, all of which relate to the claims asserted by Plaintiff in his Complaint.[1]  [ECF 11]  Accordingly, Plaintiff's Motion to Strike should be denied in its entirety.

---

[1] Defendants timely responded to Plaintiff's Complaint [ECF 1] as an Amended Complaint has not been filed. Plaintiff's Motion references an Amended Complaint.

## MEMORANDUM OF LAW

### I. Legal Standard

#### a. Standard for Asserting Defenses to a Complaint.

Federal Rule of Civil Procedure 8(b)(1)(A) provides: "In General. In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it…" Fed. R. Civ. P. 8(c) also requires a party to affirmatively state any avoidance or affirmative defense. A defense that points out a defect in plaintiff's prima facie case or negates an element of the plaintiff's prima facie case is not an affirmative defense. *In re Rawson Food Services, Inc.,* 846 F. 2d 1343, 1349 (11th Cir. 1988).

Defendants have complied with the general pleading requirements set forth in the federal rules of civil procedure.

#### b. Standard for Motion to Strike

Motions to strike are "regularly denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of prejudice to one or more of the parties to the action." *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech.,* 744 Supp. 2d 1305, 1309 (S.D. Fla. 2010)(Altonaga)(citations omitted). Motions to strike will usually be denied when the defense puts into issue relevant and substantial legal and factual questions and there is no showing of prejudice to the movant. *Harvey v. Home Depot USA, Inc.,* 2005 WL 1421170 (M.D. Fla. June 17, 2005). Courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." *Ramnarine v. RG Group, Inc.,* 2012 WL 2735340 at *2 (S.D. Fla. July 6, 2012); *Fabring v. Lakeland Reg'l Med. Ctr., Inc.,* 2013 WL 593842, at *2 (M.D. Fla. 2013(calling Rule 12(f) a "draconian sanction").

Furthermore, "both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic…motions under Rule 12(f) are viewed with disfavor and are infrequently granted." 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1380 (3d ed. 2008).

II. **The defenses and affirmative defenses have been properly plead in Defendants' Answer to Plaintiff's Complaint.**

    a. <u>**Defendants have provided fair notice of its defenses and affirmative defenses.**</u>

Whether the statements made by Defendants under the section entitled "Defenses and Affirmative Defenses" to Plaintiff's Complaint are regarded as a defense or an affirmative defense, Defendants' statements place Plaintiff and the court on notice of certain issues Defendants intend to assert against Plaintiff's claims. *Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop & Cas. Ins. Co.,* 2008 WL 3200691 (M.D. Fla. August 6, 2008). Whether the statements made by Defendants at the conclusion of Defendants' Answer and listed under the heading "Defenses and Affirmative Defenses" are regarded as a denial or an affirmative defense will <u>not</u> affect how the parties will proceed, as a practical matter. *Muschong v. Millennium Physician Group,* 2014 WL 1268574 at *3 (S.D. Fla. March 27, 2014)

The defenses or affirmative defenses asserted by Defendants in their Answer are not prejudicial to Plaintiff as they all relate to Plaintiff's Fair Labor Standards Act (FLSA) claim. Also, the defenses and affirmative defenses listed in Defendants' Answer are not insufficient or immaterial in that they relate to the allegations raised by Plaintiff in his Complaint. Additionally, the defenses asserted are also not redundant, impertinent, scandalous, or prejudicial. There is no basis upon which to seek to strike defenses 2, 3 and 5. [2]

---

[2] Plaintiff referenced defenses 4, 6 and 13 in his motion to strike. [ECF 14 at p.2, ¶ 4. However, Plaintiff only substantively addressed defenses 2, 3 and 5 in his "Argument."

    **b. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands because the time records show that Plaintiff clocked in and out from an IP address that does not correspond to Alpha & Omega's location.**

Unclean hands is an appropriate defense to assert in an FLSA claim. *Rivero v. Lefeld & Son, LLC,* 2014 WL 2095219, at *4 (S.D. Fla. May 20, 2014)(Court will not strike the unclean hands defense in an FLSA case as legally insufficient). None of the cases cited by Plaintiff support the propositions or arguments advanced in his motion. Plaintiff cites to the case of *Bailey v. TitleMax of Georgia, Inc.,* 776 F. 3d 797 (11th Cir. 2015), which involved an appeal of a motion for summary judgment, as supporting his argument, but the case stands for the exact opposite proposition. The Eleventh Circuit in *Bailey v. TitleMax of Georgia,* specifically stated in footnote five of its opinion "…we do not hold that equitable defenses based on employee misconduct may in fact limit remedies in private FLSA actions." *Id.* at 805. Another case cited by Plaintiff does not address unclean hands at all. *Bailey v. Gulf Coast Transp., Inc.,* 280 F. 3d 1333, 1334 (11th Cir. 2002) (the issue before the Court was whether the FLSA permits employees to obtain preliminary injunctive relief restraining further retaliatory conduct by their employer and reinstating them to their former positions).

It is premature to discuss the elements required to establish unclean hands because this case is at the initial pleading stage. Notwithstanding, Plaintiff spends a considerable time addressing the elements of unclean hands in his Motion. None of the cases cited by Plaintiff analyze the elements of unclean hands in the context of an FLSA claim. *Gastaldi v. Sunvest Resort Communities, LC.* 2010 WL 457243 (S.D. Fla. Feb. 3, 2010)(Court analyzed the defense of unclean hands at the motion for summary judgment stage in a case involving allegations of

---

[ECF 14 at pp. 4-6]. Defendants have addressed the defenses that Plaintiff has substantively argued in his Motion.

mortgage fraud); *Royal Palm Properties, LLC v. Premier Estate Properties, Inc.,* 2010 WL 3941745, *2 (S.D. Fla. Oct. 6, 2010)(Court denied Plaintiff's Motion to Strike the defense of unclean hands in a case involving claims for violation of the federal AntiCybersquatting Consumer Protection Act, unfair competition under the Federal Lanham Act, unfair competition under Florida common law for trademark infringement and false designation of origin, and common law trademark infringement.); *Calloway v. Partners Nat. Health Plans,* 986 F. 2d 446, 450 (11th Cir. 1993)(The Court did not reach the issue of whether the doctrine of unclean hands prevented her from recovering because it found Plaintiff's Title VII wage discrimination claim to be time barred).

Plaintiff's argument that the defense of unclean hands is unsupported by facts lacks merit. The facts supporting the defense of unclean hands are set forth in Defendants' Response to Plaintiff's Statement of Claim. [ECF 20] Plaintiff's electronic time records indicate that he often clocked-in and out from an IP address that does not correspond to Alpha & Omega's location showing that Plaintiff was not physically present at the work site during the reported time entry. See ECF 20 at ¶3-4. With the information provided in Defendants' Response to Plaintiff's Statement of Claim, Plaintiff should have withdrawn his premature and meritless Motion to Strike. However, should the Court make a finding in this case that Defendants should have asserted these facts in their initial Answer, the appropriate remedy would be to grant leave to amend the answer, rather than striking the affirmative defense. *Dionisio v. Ultimate Images & Designs, Inc.,* 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019)(Court granted leave to amend).

    c. **Defendants' denial that Plaintiff was not engaged in interstate commerce or in the production of goods for interstate commerce is an appropriate defense (denial) in an FLSA case and does not meet the standard required by Rule 12(f) to strike this defense.**

This defense is a denial, and the proper remedy is not to strike it, but instead to treat it as a denial. *Doe v. G. Star Sch. Of the Arts, Inc.,* 2016 WL 4625625 (S.D. Fla., Sept. 6, 2016); *Perez-Nunez v. North Broward Hospital District,* 2009 WL 723873 (S.D. Fla March 13, 2009), citing, *Bluewater Trading LLC v. Willmar USA, Inc.,* 2008 WL 4179861 *2 (S.D. Fla. Sept. 9, 2008). Judge Moore pointed out in *Perez-Nunez* that "[w]hile the defense may be redundant in that it is akin to a general denial, there is no prejudicial harm to plaintiff." *Id.* (citations omitted).

Plaintiff did not and cannot contend that this defense is unrelated to Plaintiff's claim or that this assertion will in any way prejudice him. *Harty v. SRA/Palm Trails Plaza, LLC,* 755 F. Supp 1215, 1218 (S.D. Fla. 2010)("[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.")

Based on the foregoing, there is no legal foundation upon which Plaintiff seeks to strike Defense (Denial) no. 3. Thus, Plaintiff's Motion to Strike defense no. 3 should be denied and this defense should be treated as a denial, as held by the court decisions cited herein.

    d. **Defense No. 5 is a valid defense and does not meet the standard required by Rule 12(f) to strike this defense.**

The Eleventh Circuit in the case of *Allen v. Board of Public Educ. For Bibb Cty.,* 495 F. 3d 1306, 1319 (11th Cir. 1987) stated that there is no FLSA violation where an employee performs uncompensated work while deliberately preventing his employer from learning about it. Based on this Eleventh Circuit opinion, Defendants asserted the following defense: To the

extent that Plaintiff may have worked with or without actual or constructive knowledge of Defendants, Plaintiff is not entitled to any compensation for any such hours worked.

Defendants respectfully request that this Court deny Plaintiff's Motion to Strike defense No. 5 of their "Defenses and Affirmative Defenses" set forth in their Answer to Plaintiff's Complaint. [ECF 11]

**III.    Conclusion**

Plaintiff's Motion to Strike has not advanced his one count complaint for unpaid overtime wages. All of the statements set forth as "Defenses and Affirmative Defenses" in Defendants' Answer relate to the allegations raised by Plaintiff, all of which are denied by Defendants. The statements have given Plaintiff fair notice of Defendants' position with respect to the allegations made by Plaintiff in his Complaint. None of the statements (defenses or affirmative defenses) are prejudicial to Plaintiff or meet the standards required by Fed. R. Civ. P. 12(f).

WHEREFORE based upon the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion to Strike Affirmative Defenses or in the alternative grant Defendants leave to amend any of the defenses and/or affirmative defenses that this Court deems appropriate and award Defendants any other relief that this Court deems just and proper, including attorney's fees and costs in having to respond to Plaintiff's Motion to Strike.

DATE: May 8, 2024

Respectfully submitted,

**FORDHARRISON LLP**

/s/ Ena T. Diaz
Ena T. Diaz
Florida Bar No.: 0090999
ediaz@fordharrison.com
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
Telephone: (305) 808-2113
Facsimile:  (305) 808-2101
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Ena T. Diaz
Counsel for Defendants

## SERVICE LIST

Brian H. Pollock, Esq.
Patrick Brooks LaRou, Esq.
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: 305-230-4884
Facsimile:  305-230-4844
brian@fairlawattorney.com
brooks@fairlawattorney.com
Attorneys for Plaintiff

8