UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20543-WILLIAMS/GOODMAN

JUAN MENDEZ,

      Plaintiff,

vs.

ALPHA & OMEGA CALBIRATION
SERVICES LLC and
LIZ Y. LAGO,

      Defendants.
_____/

**REPLY SUPPORTING**
**PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**

## I. INTRODUCTION

Mr. Mendez sued his former employers for not paying him overtime wages for his overtime hours. Defendants responded to the Complaint by admitting that the corporate Defendant is a Florida corporation, subject to FLSA enterprise coverage, that Ms. Lago is listed as the Managing Member of it, and the venue for this dispute, denying the remainder of the 30 paragraphs in the Complaint. [ECF Nos. 1, 11.] Defendants then asserted 13 "Defenses and Affirmative Defenses," which are the subject of this Motion to Strike. To streamline these proceedings, avoid subsequent dispositive motions over the viability of their defenses, and avoid much of the back-and-forth that occurs at the pretrial conference arguing over whether defenses are viable or not, Mr. Mendez requests the Court to strike the Second, and Fifth Affirmative Defenses as insufficient defenses or as redundant, immaterial, and/or impertinent.

## II. ARGUMENT

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

## **Second Affirmative Defense – Unclean Hands**

Defendants admit that they did not plead any facts supporting their unclean hands defense by referring to their Response to the Statement of Claim for the facts underlying their defense. [ECF No. 26 at 5: "The facts supporting the defense of unclean hands are set forth in Defendants' Response to Plaintiff's Statement of Claim."] They had to admit this fact because it is nothing more than a bare bones statement that his claims are "barred" by "unclean hands." [ECF No. 11 at 5.] Merely stating the name of a defense – without more – does not provide Plaintiff with the type of "fair notice" required by the Rules. *See e.g.*, *Bynum v. Carnival Corp.*, 2024 WL 229545, at *2 (S.D. Fla. Jan. 22, 2024).

The Defendants' reliance on their Response to the Statement of Claim does not cure the pleading defect in the Answer. The Eleventh Circuit held in *Calderon v. Baker Concrete Const., Inc.*, that a statement of claim "does not have the status of a pleading." 771 F.3d 807, 811 (11th Cir. 2014). By extension, a response to a statement of claim also is not a pleading, either. Since neither a statement of claim nor the response pleadings, the parties are not bound to their contents. *Id.* Plaintiff is entitled to know the factual basis for the Defendants' unclean hands defense and to conduct discovery related to the defense as pled. Given Defendants' concession, their unclean hands defense should be stricken.

## **Third Affirmative Defense**

Defendants agreed that this defense should be treated as a denial and not a defense.

## **Fifth Affirmative Defense**

Here again, the Defendants alleged no facts supporting their bare-bones defense that would put Plaintiff on "fair notice" of the basis for this defense, so it should be stricken as well. *Compare*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

*Thompson v. N. Broward Neurology, P.A.*, 2016 WL 11824691, at *4 (S.D. Fla. Apr. 13, 2016) ("the defense, as pleaded, fails to assert any factual support so as to place Plaintiff on notice, including any possible allegations that Plaintiff prevented Defendants from acquiring knowledge of uncompensated work. Accordingly, Defendants' Eighth Affirmative Defense will be stricken with leave to amend.") In addition, the Defendants failed to plead any facts regarding how or why they contend they should or could not have known Plaintiff was working overtime through the exercise of reasonable diligence. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007); and *Reich v. Dep't of Conservation & Nat. Res., State of Ala.*, 28 F.3d 1076, 1082 (11th Cir. 1994). Consequently, this affirmative defense should be stricken.

## IV. CONCLUSION

Defendants did not allege any facts supporting their second or fifth affirmative defenses, so they should be stricken pursuant to Fed. R. Civ. P. 8 and 12.

Dated this <u>14th</u> day of May 2024.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
