UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-20543-CIV-WILLIAMS/GOODMAN

JUAN MENDEZ,

    Plaintiff,

v.

ALPHA & OMEGA CALIBRATION
SERVICES LLC and LIZ Y. LAGO,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

This Order concerns three of the twelve[1] affirmative defenses [ECF No. 11] which Defendants raised in this Fair Labor Standards Act ("FLSA") case. Specifically, Plaintiff Juan Mendez's Motion to Strike Affirmative Defenses [ECF No. 14] challenges the second, third, and fifth affirmative defenses. Defendants filed a response and Plaintiff filed a reply. [ECF Nos. 26; 27].

---

[1] Defendants Alpha & Omega Calibration Services LLC and Liz Y. Lago listed a purported thirteenth affirmative defense, but it is not an actual defense. Instead, it seeks to "reserve the right to assert additional defenses as may appear applicable during the course of this litigation." [ECF No. 11, p. 6].

For the reasons outlined below, the Undersigned **grants the motion in part** and gives Defendants the opportunity to file an amended answer (with more-specific affirmative defenses) within seven (7) days of the entry of this Order.

Mendez's "Complaint for FLSA Overtime Wage Violation(s)" [ECF No. 1] alleges that Defendants failed to pay Plaintiff a rate of time and one-half of his regular rate of pay for the overtime hours he worked during the relevant time period. The Complaint also alleges that Defendants improperly "deduct[ed] 45 minutes for each day that Plaintiff worked without relieving him of all work duties for all time automatically deducted." *Id*. at 4.

In their answer [ECF No. 11], Defendants admit that "there is enterprise coverage as to Defendant Alpha & Omega for the relevant years (2021-2024)." *Id.* at 3.

Defendants asserted three affirmative defenses which Plaintiff says should be stricken. The Undersigned will quote each defense and then explain the basis for the ruling. Before doing so, however, the Undersigned will first summarize basic legal principles.

Federal Rule of Civil Procedure 8(b)(1)(A) provides: "In General. In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it." This rule also requires a party to affirmatively state any avoidance or affirmative defense. Fed. R. Civ. P. 8(c). A defense that merely points out a defect in plaintiff's prima facie case or negates an element of the plaintiff's prima facie case is not

an affirmative defense. *In re Rawson Food Servs., Inc.*, 846 F. 2d 1343, 1349 (11th Cir. 1988).

An affirmative defense must place Plaintiff and the Court on notice of certain issues Defendants intend to assert against Plaintiff's claims. *Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop & Cas. Ins. Co.*, No. 6:08-cv-346, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008). Merely stating the name of a defense -- without more -- does not provide Plaintiff with the type of "fair notice" required by the Federal Rules of Civil Procedure. *See e.g., Bynum v. Carnival Corp.*, No. 23-cv-23760, 2024 WL 229545, at *2 (S.D. Fla. Jan. 22, 2024) (noting that defendant need not set forth detailed factual allegations but "must give the plaintiff 'fair notice' of the nature of the defense **and the grounds upon which it rests**") (emphasis supplied).

The Eleventh Circuit held in *Calderon v. Baker Concrete Construction, Inc.* that a statement of claim "does not have the status of a pleading." 771 F.3d 807, 811 (11th Cir. 2014). By extension, a response to a statement of claim also is not a pleading.

When a defense is actually a denial, the proper remedy is not to *strike* it, but instead to treat it as a denial. *Bynum*, 2024 WL 229545 at *3 (citing *Wyne v. Carnival Corp.*, No. 22-CV-21638, 2022 WL 6127876, at *2 (S.D. Fla. Oct. 7, 2022) (Scola, J.); *Jackson v. Carnival Corp.*, 22-cv-23992, 2023 WL 2631460, at *4 (S.D. Fla. Mar. 24, 2023) (Goodman, Mag. J.) ("agree[ing] with Judge Scola's reasoning" and holding that, "[i]f

3

Carnival is unable to present any evidence to support this affirmative defense, then [p]laintiff can move for summary judgment on the issue")).

**Second Affirmative Defense**

Plaintiff contends that the unclean hands doctrine is not an available defense to his FLSA overtime claim. [ECF No. 14, p. 4]. He explains that "unclean hands is an equitable defense that is not available to defeat a statutory claim." *Id.* Additionally, Plaintiff asserts that Defendants cannot rely on the defense of "unclean hands from a factual standpoint because they allege no facts in it." *Id.*

Plaintiff's generalization concerning the unavailability of the unclean hands doctrine in FLSA cases is incorrect. "Several courts in this judicial circuit have found that this defense may apply in a FLSA case when a plaintiff's wrongdoing is directly related to the claim against which it is asserted, and defendant suffered a personal injury as a result of the conduct." *Rivero v. Lefeld & Son, LLC*, No. 13-81154-CIV, 2014 WL 2095219, at *3 (S.D. Fla. May 20, 2014) (citing *Wlodynski v. Ryland Homes of Florida Realty Corp.,* No. 8:08–CV–00361–JDW–MAP, 2008 WL 2783148, at * 4 (M.D. Fla. June 17, 2008); *Curry v. High Springs Family Practice Clinic and Diagnosis Ctr., Inc.,* No. 1:08–cv–00008–MP–AK, 2008 WL 5157683, at * 3 (N.D. Fla. Dec.9, 2008); *McGlothan v. Walmart Stores, Inc.,* No. 6:06–CV–94–ORL–28JGG, 2006 WL 1679592, at *3 (M.D. Fla. June 14, 2006)).

Nevertheless, Defendant's affirmative defense is insufficient to put Plaintiff on notice of what type of conduct generates the unclean hands argument. Defendants reference to its Response to Plaintiff's Statement of Claim is not a reference to an actual pleading. The actual pleading -- i.e., the Answer and Affirmative Defenses -- does not contain sufficient facts to put Plaintiff on notice. So the Undersigned strikes the defense, but I give Defendants an opportunity to file an amended answer (with affirmative defenses, including unclean hands -- if factually available under the limited scenario outlined above).

**Third Affirmative Defense**

"Plaintiff was not engaged in interstate commerce or in the production of goods for interstate commerce." [ECF No. 11, p. 5].

This defense is actually a denial, so the Court will treat it as a denial (rather than striking it).

**Fifth Affirmative Defense**

"To the extent that Plaintiff may have worked with or without the actual or constructive knowledge of Defendants, Plaintiff is not entitled to any compensation for any such hours worked." *Id.*

Plaintiff contends that this defense, as worded, is inadequate because the issue is not simply whether Mendez worked without Defendants "actual or constructive knowledge." Instead, he says the issue is whether Defendants could have known that

he was working overtime hours "through the exercise of reasonable diligence." *See Reich v. Dep't of Conservation & Nat. Res., State of Ala.*, 28 F.3d 1076, 1082 (11th Cir. 1994) (recognizing employers may avoid paying overtime when they lack the opportunity through reasonable diligence to acquire knowledge of the overtime hours worked).

From a hyper-technical perspective, the defense might be deemed inadequate as being incomplete -- i.e., it is based solely on an alleged lack of knowledge, rather than on whether Defendants could have known about the overtime (had they used reasonable diligence). On the other hand, the issue of whether an affirmative defense should be stricken is based on whether it provides fair notice to Plaintiff -- and the defense here could be deemed as giving adequate notice. However, because Defendants are going to be filing an amended answer anyway, the Court will adopt a cautious approach and require Defendants to assert a more-comprehensive wording of this affirmative defense.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on June 20, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record