UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20543-WILLIAMS/GOODMAN

JUAN MENDEZ,

    Plaintiff,

vs.

ALPHA & OMEGA CALIBRATION SERVICES LLC AND LIZ Y. LAGO,

    Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Juan Mendez, and Defendants, Alpha & Omega Calibration Services LLC and Liz Y. Lago ("Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] Defendants timely filed an Answer denying Plaintiff's claim for unpaid overtime wages. The parties negotiated a settlement agreement with no admission of liability (the "Settlement Agreement") to avoid incurring additional attorney's fees and costs and the uncertainty of litigation. A copy of the signed Settlement Agreement containing every term and condition of the parties' settlement is attached hereto as Exhibit "A." The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) and to dismiss this

case conditioned upon the Court retaining jurisdiction over this matter for a period of 45 days to enforce the parties' Settlement Agreement.

Under the negotiated settlement agreement, Plaintiff will receive the total amount of $6,500.00, which includes $3,000 in alleged unpaid overtime wages, $500.00 for alleged unpaid regular wages[1], and $3,000 in alleged liquidated damages.

Plaintiff's counsel will receive the total amount of $22,000, which counsel for Plaintiff represents is a compromise of Plaintiff's attorneys' fees and costs.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and

---

[1] Defendants deny that Plaintiff was owed "regular wages." This allegation was not in the Complaint filed with the Court on February 12, 2024.

(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

### (1) *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

### (2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each parties' resources.

### (3) *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The parties exchanged time and pay records, as well as GPS records reflecting the locations Plaintiff clocked in/out, which they independently analyzed. Based on this analysis, after participating in a settlement conference with Magistrate Judge Goodman on Monday, June 24, 2024, and after further negotiations, the parties resolved this matter.

### (4) *The Probability of Success on the Merits Supports Settlement.*

The parties disagree about the merits of the Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, the Plaintiff's probability of success on the merits and the uncertainty that he would recover any amount—let

alone an amount greater than what the settlement provides—further support the validity, reasonableness, and fairness of the settlement at issue.

**(5)** ***The Range of Possible Recovery Supports Approval.***

The parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to present his claims at trial.

**(6)** ***Counsel Agree That The Settlement Is Fair.***

The parties agree that there are genuine disputes as to whether or not Plaintiff worked the alleged number of weeks in the relevant time period; and whether or not Plaintiff worked the alleged number of hours on a weekly basis.

Considering the facts of this case, including the amount claimed, the records produced, as well as the defenses asserted, the parties agree that the proposed settlement reached by the parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel represents that he compromised the attorneys' fees incurred to resolve this case at this juncture.

Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart and did not compromise the settlement amount to Plaintiff.  Counsel for Plaintiff shall receive $22,000 in attorney's fees and costs, which have been incurred in this action.  Plaintiff's counsel, who has nearly 25 of years of experience, including litigating employment related matters, charges an hourly rate of $500.  Plaintiff counsel's hourly rate has been consistently approved and deemed reasonable by this Court, including as recently as on May 31, 2024, in *Maracallo vs. Cusano Airconditioning & Heating, Inc.*, 1:24-CV-20546-JG [ECF No. 37]. As such, Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, and the settlement is fair and reasonable on its face.

Based upon the foregoing, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement).

The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 45 days to enforce the parties' Settlement Agreement.

Dated this 19th day of July 2024.

s/Patrick Brooks LaRou, Esq.
Brian H. Pollock, Esq.
Florida Bar No. 174742
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Florida Bar No. 1039018
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

s/Ena T. Diaz, Esq.
Ena T. Diaz, Esq.
Fla. Bar No.: 0090999
ediaz@fordharrison.com
Ford Harrison LLP
One S.E. 3rd Avenue Suite 2130,
Miami, FL 33131
(305) 808-2113
*Counsel for Defendants*