# CONFIDENTIAL SETTLEMENT AGREEEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is entered into by and between Juan Mendez (hereinafter "Plaintiff"), Alpha & Omega Calibration Services LLC, Liz Y. Lago, and their officers, directors, members, managers, insurers, and agents (hereinafter "Defendants"), who are collectively referred to as "the Parties."

**Whereas**, Plaintiff filed a lawsuit in the District Court for the Southern District of Florida to recover alleged outstanding and unpaid/underpaid overtime wages, penalties, attorney's fees and costs from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*, in *Juan Mendez v. Alpha & Omega Calibration Services LLC and Liz Y. Lago,* pending in the Southern District of Florida with Case No.: 1:24-CV-20543-WILLIAMS/GOODMAN ("the Lawsuit").

**Whereas,** to avoid the uncertainties of litigation, the Parties desire to enter into a mutually binding agreement to resolve the Lawsuit and any and all that could have been brought in the Lawsuit. By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or any other person arising out of any claims asserted or that could have been asserted in any claim under the FLSA or Florida law and expressly deny all such liability.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties agree to resolve Plaintiff's claims for unpaid/underpaid wages, penalties, attorneys' fees, and costs by the Defendants' payment of the gross amount of TWENTY-EIGHT THOUSAND FIVE HUNDRED DOLLARS $28,500.00, which shall be allocated and paid as follows:

a. One check payable to Juan Mendez in the total gross amount of $6,500.00 (which includes $3,000 for alleged unpaid overtime wages, $500.00 for claimed regular wage damages, and $3,000.00 for alleged liquidated damages), for which an IRS Form 1099 shall be issued to Juan Mendez in the total amount of $6,500; and
b. One check payable to FairLaw Firm for $22,000.00, inclusive of attorney's fees ($21,456.00) and costs ($544.00), for which an IRS Form 1099 shall be issued to it.

Either Defendant may make the payments required under this Agreement, but both are jointly and severally responsible for the timely payment of all amounts due hereunder. Defendants shall make the foregoing payments so they are timely received at the FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146, within 10 days of the Court's approval of their settlement and dismissal of the Lawsuit, with dismissal conditioned upon the Court's retaining jurisdiction for 45 days for enforcement of this Agreement, provided Plaintiff signed this Agreement and returned a fully executed W-2 and 1099 to Defendants. Defendants shall be entitled to receive an email notice to their counsel, Ena T. Diaz, Esq. (ediaz@fordharrison.com), of any default in payment due under the Agreement. If Defendants do not timely cure any default in payment within five business days after receipt of email notice, Plaintiff shall be entitled to a Default Final Judgment against Defendants, jointly and severally, for $28,500.00 minus all payments timely made plus attorney's fees and costs. Defendants waive all defenses to the entry of a Default Final Judgment other than Plaintiff's failure to provide the notice required under this Agreement and/or timely payment.

The Parties generally release, satisfy, and forever discharge one another from any and all claims, demands, or liabilities whatsoever, whether known or unknown, which Plaintiff or

Defendants ever had or may now have against one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Defendants undertakes in this Agreement. This release includes, without limitation, any claims, demands, or liabilities relating to or arising out of Plaintiff's employment with Defendants and separation of employment with Defendants pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

Plaintiff and Defendants agree that all matters relating to this Agreement and the negotiations preceding this Agreement are STRICTLY CONFIDENTIAL. Plaintiff and Defendants further agree that they and their attorneys, spouses, and representatives will not publicize, disclose, or give out any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement, or the settlement of this matter, to any third person or entity. Plaintiff and Defendants expressly agree that they cannot disclose or disseminate this Agreement or any information about this Agreement to the print or broadcast media, any internet communication outlet, or individuals that Plaintiff or Defendants know or have reason to know are past or present employees, contractors, customers and vendors of the Defendants. Nothing in this Agreement shall preclude Plaintiff from providing his counsel with a review on social media / the internet, so long as he maintains the confidentiality of the terms of this Agreement.

Upon inquiry, Defendants shall provide a neutral employment reference and verify Plaintiff's dates of work, position(s) held, and rate(s) of pay, but without reference to any demand letter, lawsuit, claim(s) asserted therein, or the resolution of such claims. The parties shall not make any disparaging statements about one another. Defendants further state that they know of no basis upon which to bring a claim or file a criminal complaint against Plaintiff.

Notwithstanding the foregoing, Plaintiff and Defendants may disclose this Agreement on the following conditions:  (i) Plaintiff may advise his attorney(s), accountant(s), tax preparers, and the Internal Revenue Service (IRS) that he received income as a result of a settlement agreement relating to her employment and the amount received; (ii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his conversation with them to the Defendants; and (iv) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, Plaintiff may testify or provide information regarding this Agreement or may produce the Agreement.

The Parties acknowledge that each had the opportunity to have this document reviewed by counsel, that each had his/her/their/its counsel review and, if necessary, revise the agreement, and that the normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement. All prior negotiations, representations, and discussions are merged into and superseded by this Agreement. This Agreement may not be changed except in writing and signed by all Parties.

The parties agree that the substantive law of the State of Florida governs this Agreement and that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida, which is presiding over the Lawsuit. If the Court invalidates any provision of this Agreement, then all remaining provisions shall remain in full force and effect, provided that both parties may still effectively rely. The prevailing party in any claim arising out of or relating to this Agreement shall be entitled to recover his/her/its attorneys' fees.

Defendants represent and warrant that the person signing this Agreement has the authority to act on behalf of Defendants and to bind the Defendants and all who may claim through them to the terms and conditions of this Agreement, and Plaintiff represents and warrants that he has the capacity to act on his own behalf and for all who might claim through him to bind him to the terms and conditions of this Agreement. Plaintiff and Defendants each warrant and represent that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement, and no claim released has been previously transferred or assigned.

This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Defendants, which is/are expressly denied.

Neither party has relied upon any representations or statements made by the other party hereto which are not specifically contained in this Agreement. This Agreement is expressly contingent on the payment and clearance of all settlement funds. This Agreement may be executed in counterparts, and the facsimile/copy of any signature or this Agreement shall have the same force and effect as an original.

Defendants understand that although Plaintiff's counsel prepared this Agreement, Defendants were advised of and had the opportunity to review this Agreement with their counsel, they were not provided with any legal advice by Plaintiff's counsel before signing, that they understood this agreement before signing it.

Plaintiff represents that this Agreement has been explained and/or translated to him and that he fully understood the contents before signing. Plaintiff also agrees to the division of the settlement funds as set forth above. Defendant represents that the person signing on its behalf has the authority to bind the Defendant corporation.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the dates set forth below, willingly, and freely.

*Juan Mendez*

By: _____
Juan Mendez (Jul 18, 2024 11:02 EDT)

Date: 07/18/2024

*Alpha & Omega Calibration Services LLC*

By: _____
Liz Y. Lago, Managing Member

*Liz Y. Lago*

By: _____
Liz Y. Lago
Date: 07/18/2024